UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| XAVIER FRAZIER | : | CIVIL ACTION NO. |
| Plaintiff | : | |
| | : | |
| VERSUS | : | JUDGE: |
| | : | |
| GRAMBLING STATE UNIVERSITY and | : | MAGISTRATE: |
| BOARD OF SUPERVISORS OF THE | : | |
| UNIVERSITY OF LOUISIANA SYSTEM | : | |
| Defendants | : | **JURY DEMAND** |

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes XAVIER FRAZIER ("Frazier" or "Plaintiff") who shows as follows:

### I. JURISDICTION

1. This is an action for declaratory, injunctive and monetary relief for discrimination in employment in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, codified at 42 U.S.C. Section 2000e *et seq.* Jurisdiction is based on 42 U.S.C. Section 2000e-5(f)(3) and 28 U.S.C. Sections 1331 and 2201. Pursuant to 28 U.S.C. Section 1367, Plaintiff further invokes the supplemental jurisdiction of this Court to hear and decide claims arising under state law. Pursuant to 42 U.S.C. Section 20003-5, venue is proper in the Western District as a judicial district within the state where the unlawful practices occurred.

### II. PARTIES

2. Plaintiff is an adult male and a permanent resident of the United States and the State of Louisiana. He is domiciled in Ruston, Lincoln Parish, Louisiana.

3. Made Defendants herein are the following:

    a. Grambling State University, a university operating in Grambling, Louisiana; and

    b. Board of Supervisors of the University of Louisiana System, 150 Third Street, Baton Rouge, Louisiana 70801/P.O. Box 238, Oak Ridge, Louisiana 71264, a public entity possessed with corporate authority over Grambling State University pursuant to La. R.S. 17:3218 to supervise and manage Grambling State University.

### III. FACTUAL ALLEGATIONS

4. Plaintiff began his employment with Defendants on November 16, 2020, and the last position he held was that of Financial Aid Counselor. From November 16, 2020, until the events that led to his wrongful termination on August 5, 2022, Plaintiff received only positive job performance evaluations.

5. On Friday, April 1, 2022, Police Officer Ivory Boles informed Plaintiff that a male student had accused Plaintiff of scrolling through the student's phone and sending a video on this phone of this student having intercourse to Plaintiff's phone. This allegation was completely fabricated and untrue. On April 4, 2022, Plaintiff was notified that a Title IX complaint had been filed by this male student. One day later, the student who filed the Title IX complaint verbally assaulted Plaintiff. Plaintiff filed a police report complaining of this assault and asserting his own protected claim. Shortly thereafter, Plaintiff was placed on paid administrative leave.

6. As a result of the accusation by the male student, Ms. Beverly Crawford, Defendants' Title IX Coordinator, informed Plaintiff on May 25, 2022, that there would be a hearing to determine the veracity of the male student's allegations against Plaintiff and to determine if a Title IX violation had occurred. In forming the hearing committee, Ms. Crawford did not comply with the Defendants' Title IX policy nor did she follow procedures for

2

conducting the same. As a result, the hearing committee was composed of three females and one male and the selection of committee members did not comply with applicable procedures.

7.   Before the hearing began, Plaintiff objected to the failure to comply with the policies and procedures required for Title IX investigations. As the hearing was conducted and throughout the hearing, Ms. Crawford made false statements, and other statements which were indicative of gender bias against Plaintiff.

8.   A review of the transcript of the hearing demonstrates that the allegations against Plaintiff were never proven. Indeed, the office who investigated the allegations testified under oath that the video was sent out from the student's phone to a Mississippi area code which was determined to be an internet number that was never tied to Plaintiff. This information was confirmed by a second officer who conducted an investigation and determined that the video was sent to a google number not attached to any phone service or any type of cellular company and certainly not connected to Plaintiff. Notwithstanding the fact that not one witnesses testified that they either (i) witnessed Plaintiff sending the video or (ii) could trace the number from which the video was sent to Plaintiff, on August 5, 2022, Defendants terminated the employment of Plaintiff for reasons which were false and pretextual for gender discrimination and for his opposition to the same.

## IV.   ADMINISTRATIVE PREREQUISITES

9.   Plaintiff timely filed charges of discrimination and retaliation with the Equal Employment Opportunity Commission and Louisiana Commission on Human Rights and received his Notice of Right to Sue on November 30, 2022. All administrative prerequisites have been satisfied.

## V. CAUSES OF ACTION

### COUNT ONE – VIOLATION OF TITLE VII AND STATE LAW

10. The actions, conduct and procedures of Defendants complained of herein constitutes purposeful discrimination against Plaintiff based upon his gender and/or in retaliation for opposition to discrimination in violation of Title VII of the Civil Rights Act, as amended, 42 U.S.C. 2000e, La. R.S. 23:301 et. seq. and La. R.S. 51:2256 and 23:967 as detailed below.

11. Defendants' actions complained of herein were performed with malice or reckless indifference to and in knowing violation or reckless disregard of Plaintiff's federally protected rights.

12. Plaintiff has no adequate remedy at law for the harm he has suffered as a result of the discriminatory practices of Defendants set forth herein.

13. As a result of the Defendants' actions, Plaintiff has been injured and has suffered or incurred damages and is entitled to recover statutory damages include compensatory damages, back pay, benefits, special damages, reinstatement, and reasonable attorney fees resulting from the illegal conduct.

## VI. JURY TRIAL DEMANDED

14. Plaintiff demands a trial by jury as to all matters permitted by law.

## VII. PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF PRAYS:

(A) That the Court declare the employment practices of which complaint is made to be in violation of 42 U.S.C. §2000e *et. seq.*, La. R.S. 23:301 *et seq.*, and La. R.S. 23:967, and otherwise inculpatory and illegal;

4

(B) That the Court order Defendants to cease the discriminatory practices enumerated herein and to enjoin Defendants from engaging in further discrimination against Plaintiff.

(C) That Plaintiff be awarded back pay, including prejudgment interest, and any other benefits or seniority to which he may have been entitled or which he may have lost as a result of the discrimination or retaliation against him

(D) That Plaintiff be awarded compensatory damages pursuant to 42 U.S.C. Section 1981a, La. R.S. 23:303, and La. R.S 23:967.

(E) That Plaintiff be awarded the costs of this action, including attorneys' fees pursuant to 42 U.S.C. §2000e-5(k), La. R.S. 23:303, and La. R.S. 23:967.

(F) That Plaintiff be awarded punitive damages pursuant to 42 U.S.C. Section 1981a.

(G) For trial by jury for those matters triable to a jury; and

(H) That Plaintiff be awarded such other and further relief as the Court finds equitable, just and proper.

Respectfully submitted,

DOWNER, JONES, MARINO & WILHITE
401 Market Street, Suite 1250
Shreveport, LA 71101
Tel: 318-213-4444
Fax: 318-213-4445
Allison A. Jones, Bar No. 16990

By: /s/ Allison A. Jones
ATTORNEYS FOR PLAINTIFF

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| XAVIER FRAZIER<br>Plaintiff | : | CIVIL ACTION NO. |
| VERSUS | : | JUDGE: |
| GRAMBLING STATE UNIVERSITY and<br>BOARD OF SUPERVISORS OF THE<br>UNIVERSITY OF LOUISIANA SYSTEM<br>Defendants | : | MAGISTRATE:<br><br>**JURY DEMAND** |

## **VERIFICATION**

BEFORE ME, the undersigned Notary Public, personally came and appeared XAVIER FRAZIER, who did depose and state that he is the Plaintiff in the foregoing Complaint, that he has read the Complaint, and that all of the allegations contained therein are true and correct to the best of his knowledge, information and belief.

_____
XAVIER FRAZIER

SWORN TO AND SUBSCRIBED before me, Notary Public, this 21st day of February 2023.

_____
NOTARY PUBLIC

DEBBIE F. BENTON, Notary Public
# 49018
Caddo Parish, Louisiana
My Commission is for Life