## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## MONROE DIVISION

XAVIER FRAZIER                                    CASE NO.  3:23-CV-00248

VERSUS                                            JUDGE TERRY A. DOUGHTY

GRAMBLING STATE UNIVERSITY ET AL      MAG. JUDGE KAYLA D. MCCLUSKY

## MEMORANDUM ORDER

Before the Court is a Motion to Strike Xavier Frazier's ("Frazier" or "Plaintiff") Declaration [Doc. No. 28] filed by Defendant, State of Louisiana, through the Board of Supervisors of the University of Louisiana System (the "Board" or "Defendant"). Frazier filed an Opposition to the Board's Motion [Doc. No. 30].

For the reasons set forth below, the Motion is **GRANTED IN PART** and **DENIED IN PART**.

## I.    FACTS AND BACKGROUND[1]

On February 2, 2023, Xavier Frazier brought this Title VII suit against the Board, alleging gender discrimination and/or retaliation.[2] On December 30, 2024, Frazier filed an Opposition to the Board's motion for summary judgment.[3] In support of his opposition, Frazier filed a declaration, and the Board objected to portions of the declaration and documentary evidence alleging inconsistence with his deposition.[4]

Paragraph 1 of Frazier's declaration states "I, at all times, up to the matters involved in this lawsuit, had a positive work history."[5] On the contrary, Frazier's deposition asserts that before the

---

[1] For context, the facts section will track the issues in the motion to strike as they are argued.
[2] [Doc. No. 1].
[3] [Doc. No. 26].
[4] [Doc. No. 26-3].
[5] [Id. at ¶ 1].

events giving rise to the current litigation, a prior student accused Frazier of inappropriate conduct.[6]

Paragraph 2 of Frazier's declaration states that on April 4, 2022, he submitted a "Power-Based Violence/Title IX/Sexual Misconduct Incident Report Form" to Grambling State University in response to a male student who filed a Title IX complaint against Frazier.[7] As set out in Paragraphs 3 and 5 of Frazier's declaration, a recorded hearing on the Title IX complaint was held on June 15, 2022. Frazier was not allowed a copy of the recorded audio because of the need to protect the privacy of the student.[8] However, the Board told Frazier that it was willing to give him the audio recording if he consented to a joint protective order which he never agreed to, until now.[9] Regardless, Frazier impermissibly downloaded a transcript of the hearing from Microsoft Teams and uses it as evidence to support his Opposition to the motion for summary judgment.[10]

As discussed in Paragraph 11 of Frazier's deposition, he testified on July 17, 2024, that he thought a female was hired after his termination, but that he would have to review further.[11] On December 23, 2024, in support of his opposition, Frazier filed an article from Grambling State University's website listing a female staff member, Zaykeeah Smith ("Smith"), as the newly hired financial counselor.[12]

As stated in Paragraph 12 of Frazier's declaration, on September 9, 2024, Frazier received a collection letter from Grambling State University's payroll manager listing overcompensation of $666.28.[13]

---

[6] [Doc. No. 21-4, pp. 42-3].
[7] [Doc. No. 26-4].
[8] [Doc. Nos. 26-3, ¶ 5; 28-1].
[9] [Doc. No. 28-2].
[10] [Doc. No. 21-4, p. 45].
[11] [Id., p. 58].
[12] [Doc. No. 26-11].
[13] [Doc. Nos. 26-3, ¶ 12; 26-12].

On January 13, 2025, the Board filed the pending Motion to Strike portions of Frazier's declaration and attached documentary evidence.[14] Specifically, the Board requests that the Court disregard portions of the declaration because it is inconsistent and contradicts Frazier's prior testimony.[15] Frazier opposed the Motion on the basis that the declaration only supplements and clarifies his earlier testimony.[16]

The issues have been briefed, and the Court is prepared to rule.

## II.    LAW AND ANALYSIS

### A.  Standard of Review

An affidavit, declaration, or deposition that contradicts prior testimony cannot be used in a motion for summary judgment to create an issue of fact. *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 495-96 (5th Cir. 1996). However, at the summary judgment stage, "a district court must consider all the evidence before it and cannot disregard a party's affidavit merely because it conflicts to some degree with an earlier deposition." *Seigler v. Walmart Stores, Tex., L.L.C.*, 30 F.4th 472, 477 (5th Cir. 2022) (quoting *Kennett-Murray Corp. v. Bone*, 622 F.2d 887, 893 (5th Cir. 1980)). The "sham affidavit doctrine" is an exception to this rule that allows a district court to disregard "statements made in an affidavit that are 'so markedly inconsistent' with a prior statement as to 'constitute an obvious sham.' " *Winzer v. Kaufman County*, 916 F.3d 464, 472 (5th Cir. 2019) (quoting *Clark v. Resistoflex Co.*, 854 F.2d 762, 766 (5th Cir. 1988)).

"[T]he bar for applying the doctrine is a high one, typically requiring affidavit testimony that is 'inherently inconsistent' with prior testimony." *Seigler*, 30 F.4th at 477 (quoting *Winzer*, 916 F.3d at 472). However, "when an affidavit merely supplements rather than contradicts prior

---

[14] [Doc. No. 28].
[15] [Id.].
[16] [Doc. No. 30].

3

deposition testimony, the court may consider the affidavit when evaluating the genuine issues in a motion for summary judgment." *S. W.S. Erectors,* 72 F.3d at 496 (citing *Clark v. Resistoflex Co.,* 854 F.2d 762, 766 (5th Cir. 1988)).

### B. Work History (Paragraph 1 of Frazier's Declaration)

The Board takes issue with Paragraph 1 of Frazier's declaration because of its inconsistencies compared to Frazier's deposition. Frazier argues that it is not an inconsistent statement, but that the Board is taking his work history statements out of context because he also testified via his deposition that the prior complaint from the student was not validated, and no discipline was imposed.[17]

Paragraph 1 of Frazier's declaration states "I, at all times, up to the matters involved in this lawsuit, had a positive work history."[18] However, in Frazier's deposition, he admitted that a complaint had been filed against him, but that the complaint was not validated, and no discipline resulted. Viewing the language of the declaration and the context of the deposition, it does not seem that the two statements are so inconsistent, such that the exclusion of the declaration would be justified. The Fifth Circuit has stated, "the court must consider all of the evidence before it, including affidavits that conflict with deposition testimony. A genuine issue of material fact may be raised by such an affidavit 'even if it conflicts with earlier testimony in the party's deposition.' To the extent they exist, discrepancies in those averments present credibility issues properly put to the trier-of-fact." *Dibdale of La., Inc. v. Am. Bank & Trust Co*., 916 F.2d 300, 307 (5th Cir.1990) (citations omitted).

Therefore, the Board's Motion is **DENIED** to the extent it seeks to strike from evidence Paragraph 1 of Frazier's declaration.

---

[17] [Doc. No. 21-4, p. 10].
[18] [Doc. No. 28-1, ¶ 1].

### C.  Sexual Misconduct Complaint (Paragraphs 2 and 3 of Frazier's Declaration)

The Board argues that despite what Frazier said in Paragraphs 2 and 3 of his declaration, he did not file any complaint against the university until after the unfavorable finding of the Title IX hearing recommending termination, which was on July 11, 2022.[19] Frazier argues that he filed a "Power-Based Violence/Title IX/Sexual Misconduct Incident Report" on April 4, 2022, in *response* to "false accusations of sexual harassment."[20] However, in Paragraph 3 of the declaration he claims that "to date, no hearing has been held to determine the merits of my complaint that I have been the victim of a false report *based on my gender*."[21]

It seems there is a discrepancy as to exactly what Frazier's complaint on April 4, 2022, entailed. After reading the April 4, 2022, complaint, it appears that this was a response, rather than a complaint based on his gender. Frazier asserts in Paragraph 2 that the complaint was a *response* to allegations against him. Yet, in Paragraph 3, he states that the complaint was *based on his gender*.  There is an obvious inconsistency between the two Paragraphs and the report.

Thus, the Board's Motion is **GRANTED** to the extent it seeks to strike from evidence Paragraph 3 of Frazier's declaration. The Board's Motion is **DENIED** to the extent it seeks to strike Paragraph 2 of Frazier's declaration.

### D.  Female Financial Advisor (Paragraph 11 of Frazier's Declaration)

The Board argues that Frazier's attempt to offer evidence that he was replaced by a female is inconsistent with his prior testimony.  In Frazier's deposition, he stated that he was unsure who the Board hired immediately after his termination, but he thinks they are female, although he would "have to review."[22] After review, Frazier declared and supported that declaration with an article

---

[19] [Doc. No. 21-3, p. 2].
[20] [Doc. No. 26-3, ¶ 2].
[21] [Doc. No. 26-3, ¶ 3].
[22] [Doc. No. 21-4, p. 58].

from Grambling State University's website showing that Smith replaced him. This is not inconsistent. It merely supplements and clarifies his deposition.

Thus, to the extent the Board asserts that the Court strike Paragraph 11 of Frazier's declaration and attached document [Doc. No. 26-11] from the record, the Motion is **DENIED**.

### E. Collection Letter (Paragraph 12 of Frazier's Declaration)

The Board argues that Frazier impermissibly provides evidence that on September 9, 2024, he received a collection letter from Grambling State University's payroll manager. The Board asserts that because this letter was received very recently "with no evidence to support that it was in retaliation for filing a lawsuit" it should be stricken from the record.[23] Frazier opposes and argues that this letter should not be stricken from the record because nothing in Fed. R. Civ. P. 12(f) prevents the filing of a document that is "inextricably linked" to the Board's alleged continuous retaliatory activity.[24] Frazier argues that this letter is relevant and supports his opposition to the motion for summary judgment in that it shows continuous retaliatory acts against an ex-employee. The Court agrees with Frazier as far as the letter's relevancy and support for his opposition.

Thus, to the extent the Board asserts that the Court strike Paragraph 12 of Frazier's declaration and attached document [Doc. No. 26-12] from the record, the Motion is **DENIED**.

### F. Audio Recording (Paragraph 5 of Declaration)

Frazier states in his declaration that he "requested a copy of the audio of [the hearing] but [he] has only been provided with a copy of the transcript of the hearing."[25] The Board argues that Frazier was not allowed a copy of the hearing transcript because of the need to protect the privacy

---

[23] [Doc. No. 28-1, p. 4].
[24] [Doc. No. 30, p. 3].
[25] [Doc. No. 26-3, ¶ 5].

of the student at the hearing and had no permission to download a copy of the transcript. The Board agreed to release the audio recording in discovery following a joint motion for a protective order, but Frazier never pursued such at the time, despite now consenting to a protective order.[26]

Frazier was provided with an opportunity to get the audio recording early during discovery.[27] Therefore, the Board's Motion is **GRANTED** to the extent it seeks to strike from evidence the portion of Paragraph 5 of Frazier's declaration where he states that "[he] requested a copy of the audio of [the hearing]; however, to date, [he] [has] only been provided with a copy of the transcript of the hearing."[28]

The Board further contests Exhibit C attached to Frazier's declaration, which is a downloaded transcript of the hearing.[29] Both parties agree that the audio recording is the best evidence. Further, both parties appear that they would consent to a joint protective order for the audio recording and that the transcript is not the most reliable evidence to support and oppose the motion for summary judgment. Under Federal Rules of Civil Procedure Rule 56(e)(4), the Court may issue any other appropriate order when the parties fail to properly support or address a fact. The Court therefore will order the parties to file a joint protective order since the audio recording is the best evidence. Upon the granting of the joint protective order, the parties may file additional supplemental briefing on the motion for summary judgment if necessary.

Therefore, the Board's Motion is **GRANTED** to the extent the Motion seeks to strike from evidence Exhibit C attached to Frazier's declaration [Doc. No. 26-6].

**IT IS ORDERED** that the parties file a joint motion for a protective order on or before March 26, 2025.

---

[26] [Doc. Nos. 30, p. 2; 28-2, p. 10].
[27] [Doc. No. 28-2].
[28] [Doc. No. 26-3, ¶ 5].
[29] [Doc. No. 26-6].

**IT IS FURTHER ORDERED** that the Board will have five (5) days from the filing of the joint protective order to give Frazier the audio recording.

**IT IS FURTHER ORDERED** that once Frazier receives the audio recording; he shall have thirty (30) days to file a supplemental opposition to the Board's motion for summary judgment [Doc. No 21]. The Board will have seven (7) days from the filing of Frazier's supplemental briefing to file a reply.

### III.    CONCLUSION

For the reasons set forth above,

**IT IS ORDERED** that the Board's Motion to Strike [Doc. No. 28] is **GRANTED IN PART** and **DENIED PART**.

**IT IS ORDERED** that to the extent the Board seeks to strike from evidence Paragraph 3 of Frazier's declaration, the Motion is **GRANTED**.

**IT IS FURTHER ORDERED** that to the extent the Board seeks to strike from evidence portions of Paragraph 5 of Frazier's declaration and Exhibit C attached to Frazier's declaration, [Doc. Nos. 26-3, ¶ 5; 26-6], the Motion is **GRANTED**.

**IT IS FURTHER ORDERED** that the parties shall file a joint motion for a protective order on or before March 26, 2025.

**IT IS FURTHER ORDERED** that the Board will have five (5) days from the filing of the joint protective order to proffer Frazier the audio recording.

**IT IS FURTHER ORDERED** that once Frazier receives the audio recording; he shall have thirty (30) days to file a supplemental opposition to the Board's motion for summary judgment [Doc. No 21]. The Board will have seven (7) days from the filing of Frazier's supplemental briefing to file a reply.

**IT IS FURTHER ORDERED** that to the extent the Board seeks to strike from evidence any remaining Paragraphs of Frazier's declaration [Doc. No. 26-3], the Motion is **DENIED**.

MONROE, LOUISIANA, this 19th day of March 2025.

_____
Terry A. Doughty
United States District Judge